UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Trovon Keith, a.k.a. Trovon Aquarius Keith, Trovon A. Keith, and Travon Keith, | ) ) ) ) | C/A No.: 1:12-2406-RMG-SVH |
|---|---|---|
| Petitioner, | ) ) | |
| vs. | ) ) | REPORT AND RECOMMENDATION |
| Warden Cartledge; Associate Warden Mauney, | ) ) ) ) | |
| Respondents. | ) ) | |

Trovon Keith ("Petitioner"), a self-represented state prisoner, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to the provisions of 28 U.S.C. §636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), the undersigned is authorized to review such petitions and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the petition in this case without prejudice and without issuance and service of process.

I.  Standard of Review

Under established local procedure in this judicial district, a careful review has been made of this *pro se* petition pursuant to the Rules Governing Section 2254 Proceedings for the United States District Court, the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404

U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* documents. *Estelle v. Gamble*, 429 U.S. 97 (1976). Such *pro se* documents are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980). Even under this less stringent standard, this *pro se* petition is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Serv.*, 901 F.2d 387 (4th Cir. 1990).

II. Discussion

On April 7, 2004, a jury found Petitioner guilty of criminal sexual conduct (first degree), burglary (first degree), and kidnapping in the Horry County Court of General Sessions. [Entry #1 at 1]. The state court judge sentenced Petitioner to three consecutive thirty-year sentences, for a total sentence of ninety years' imprisonment. *Id.* Petitioner filed a direct appeal of his convictions, which were affirmed by the South Carolina Court of Appeals on January 18, 2006. *Id.* at 2. Petitioner then filed an application for post-conviction relief (PCR), which was dismissed, with prejudice, in December of 2008. *Id.*

Petitioner appealed the dismissal of his PCR to the South Carolina Supreme Court, which denied *certiorari* on August 18, 2011. *Id.* at 3.

The present petition is the second habeas action filed by Petitioner in this court challenging his 2004 convictions.[1] In Petitioner's first action, the court granted summary judgment to the respondent. *See Trovon A. Keith v. Warden, Lieber Correctional Institution*, C/A No. 1:11-2477-RMG (D.S.C. Aug. 1, 2012), Entry #54. Petitioner filed a Notice of Appeal in the prior habeas case on August 24, 2012. *Id.* at Entry #57.

Under AEDPA, an individual may not file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254, or a motion to vacate sentence under 28 U.S.C. § 2255, without first receiving permission to do so from the appropriate circuit court of appeals. *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997). Specifically, 28 U.S.C. § 2244(b)(3)(A) requires a prospective applicant to file with the court of appeals a motion for leave to file a second or successive habeas application in the district court. 28 U.S.C. § 2244(b)(3)(A). A three-judge panel has thirty days to determine whether "the application makes a prima facie showing that the application satisfies the requirements of [28 U.S.C. § 2244(b)]." 28 U.S.C. § 2244(b)(3)(B)–(D). In order for this court to consider a second or successive § 2254 petition, Petitioner must obtain a Pre–Filing Authorization from the Fourth Circuit Court of Appeals under 28 U.S.C. § 2244(b)(3). *See In re: Williams*, 330 F.3d 277

---

[1] The court may take judicial notice of proceedings before it in a prior suit with the same parties. *Mann v. Peoples First Nat. Bank & Trust Co.*, 209 F.2d 570, 572 (4th Cir. 1954); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989).

(4th Cir. 2003); *In re: Fowlkes*, 326 F.3d 542 (4th Cir. 2003). Because Petitioner did not obtain authorization from the Fourth Circuit to file this successive habeas petition in the district court, this court does not have jurisdiction to consider it.[2]

III. Conclusion

Accordingly, it is recommended that the petition for a writ of habeas corpus in the above-captioned case be dismissed without prejudice and without issuance and service of process upon the respondents.

IT IS SO RECOMMENDED.

September 13, 2012  
Columbia, South Carolina

Shiva V. Hodges  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

---

[2] Petitioner can obtain the necessary forms from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit.

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).