IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Trovon Keith, a.k.a. Trovon Aquarius Keith, Trovon A. Keith, and Travon Keith, )<br><br>Petitioner, )<br><br>vs. )<br><br>Warden Cartledge, Associate Warden Mauney, )<br><br>Respondents. ) | Civil Action No. 1:12-cv-2406-RMG<br><br><br><br>**ORDER** |

Trovon Keith, an inmate at the Perry Correctional Institute of the South Carolina Department of Corrections, petitions *pro se* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 72.02(B)(2)(c) DSC, this matter was referred to the United States Magistrate Judge for all pretrial proceedings.

Keith filed this habeas petition on August 17, 2012. (Dkt. No. 1-1). The Magistrate Judge issued an order on September 13, 2012 which directed the Clerk not to authorize the issuance and service of process unless ordered otherwise by a United States District Judge, to grant petitioner's motion to proceed *in forma pauperis*, to remind Petitioner of certain format and mailing requirements, and to note that Petitioner receives the benefit of the holding in *Houston v. Lack*, 487 U.S. 266 (1988) (prisoner's pleading was filed at the moment of transfer to prison officials for delivery to the court). (Dkt. No. 6 at 1-2). Also on September 13, 2012, the Magistrate Judge issued a Report and Recommendation that the petition be dismissed without prejudice and without requiring a return filing from Respondents. (Dkt. No. 8 at 4). Petitioner then filed objections to the Magistrate's Report and Recommendation on October 23, 2012. (Dkt. No. 15).

As explained herein, this Court has reviewed the Record, agrees with and adopts the Report and Recommendation, and therefore dismisses the petition.

## Background

On April 7, 2004, Petitioner was found guilty by jury in Horry County and convicted for first degree criminal sexual conduct, first degree burglary, and kidnapping; Petitioner was then sentenced to a total of ninety years of incarceration on the three convictions. (Dkt. No. 1 at 1). Petitioner directly appealed to the South Carolina Court of Appeals and that court affirmed his convictions on January 18, 2006. (*Id.* at 2). Petitioner then filed for post-conviction relief in the Horry County Court of Common Pleas and that application for relief was dismissed on December 9, 2008. (*Id.*) Petitioner then sought a writ of certiorari from the South Carolina Supreme Court and that court denied issuance of the writ on August 18, 2011. (*Id.* at 3). Petitioner then filed a petition in the United States District Court for the District of South Carolina seeking a writ of habeas corpus on these convictions on September 1, 2011. *Id.* at 11; C/A No. 1:11-cv-2477-RMG, Dkt No. 1-1.[1] After the state filed a return and motion for summary judgment, that petition was dismissed on summary judgment on August 1, 2012. *Keith v. Warden, Lieber Corr. Inst.*, C/A No. 1:11-2477-RMG, 2012 WL 3134282 (D.S.C. Aug. 1, 2012). Petitioner filed a notice of appeal in the prior habeas case on August 24, 2012. *Id.* at Dkt. No. 57.

## Law/Analysis

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making

---

[1] This court may take judicial notice of its records. *See, e.g., Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that the most frequent use of judicial notice is notice of the content of the court's own records).

a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* In the absence of specific objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

After reviewing the record, the applicable legal authorities, and the Report and Recommendation of the Magistrate Judge, the Court agrees with and wholly adopts the conclusions of the Magistrate Judge. Petitioner was convicted and sentenced in Horry County, South Carolina. Upon exhaustion of his state remedies, Petitioner filed a prior petition seeking a writ of habeas corpus which was dismissed on the merits. Because the petitioner has previously sought a writ of habeas corpus which was dismissed on the merits, the instant petition is deemed successive. The District Court has no jurisdiction to review a successive habeas petition unless the District Court is given review authority by the Fourth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). The Fourth Circuit Court of Appeals has not given review authority to this court in this matter, so this court is without jurisdiction to consider the instant petition. Since the court is without jurisdiction, the petition is denied.

Petitioner's response to the Magistrate's Report and Recommendation does not make any specific objection to the findings or conclusions of the Magistrate. (Dkt. No. 15). Rather, Petitioner describes the obstructive practices of corrections officers which frustrate his attempts to litigate. Further, Petitioner states he is waiting for a response from the Fourth Circuit to his

request for a pre-filing authorization pursuant to 28 U.S.C. § 2244(b)(3). The Court finds these objections provide no basis for departing from the Magistrates' conclusions and findings.

Since Petitioner's application is denied, requiring Respondent to file a return would be an unnecessary burden on Respondent. *See Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face"); *Toney v. Gammon*, 79 F.3d 693, 697 (8th Cir. 1996) ("a petition may be summarily dismissed if the record clearly indicates that the petitioner's claims are either barred from review or without merit"). Respondent is not required to file a return.

## CONCLUSION

The Court, after a thorough review of the Report and Recommendation of the Magistrate Judge and the relevant case law, finds the Magistrate applied sound legal principles to the facts of this case. Therefore, this Court adopts the Magistrate Judge's Report and Recommendation as the Order of this Court. The Petitioner's application for a writ of habeas corpus (Dkt. No. 1) is **DISMISSED** and respondent is not required to file a return.

### Certificate of Appealability

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies the standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*,

252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **DENIED**.

**AND IT IS SO ORDERED**.

Richard Mark Gergel
United States District Court Judge

October 31, 2012
Charleston, South Carolina